**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| DANIEL BIRD, *individually and on behalf of all others similarly situated* | Case No.: 24-513 |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| KRONOS SOLAR, LLC<br>And<br>PACKRONOS, LLC | |
| Defendants. | |

**DEFENDANTS KRONOS SOLAR AND PACKSOLAR'S ANSWER,**
**AFFIRMATIVE DEFENSES AND OPPOSITION TO CLASS CERTIFICATION**
**TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendants, Kronos Solar, LLC and PacKronos, LLC, (hereinafter collectively referred to as "Kronos"), hereby submit their Answer and Defenses to plaintiff Daniel Bird's Complaint. Kronos denies all allegations contained in the headings, footnotes, and allegations that are legal conclusions that incorporate accusations against Kronos.

### I. NATURE OF THE ACTION

1. The allegations in Paragraph 1 consist of legal conclusions to which no response is required. To the extent any response is required, Kronos admits that Congress enacted the Telephone Consumer Protection Act (hereinafter "TCPA") but denies any violation thereof.

2. The allegations in Paragraph 2 consist of legal conclusions to which no response is required. To the extent any response is required, Kronos admits that the TCPA restricts telephone solicitations to individuals on the Do Not Call Registry. Kronos admits that

individuals on the Do Not Call Registry do not wish to receive telephone solicitations. Kronos expressly denies any violation thereof.

3. The allegations in Paragraph 3 consist of legal conclusions to which no response is required. To the extent any response is required, Kronos admits that Plaintiff purports to bring a class action for alleged violations under 47 U.S.C. § 227, the Telephone Consumer Protection Act ("TCPA"). Kronos expressly denies that this action can be maintained as a class or that it violated the TCPA.

4. The allegations in Paragraph 4 consist of legal conclusions to which no response is required. To the extent any response is required, Kronos expressly denies that it sent out thousands or millions of telemarketing calls *en masse* and denies that the Plaintiff can establish and/or maintain a Class Action on behalf of the Defendant(s).

## II. PARTIES

5. Kronos admits that Daniel Bird is an individual.

6. Kronos admits that it is a Texas-based solar sales company with its headquarters and principal place of business in San Antonio.

7. Kronos denies that PacKronos, LLC is the parent corporation of Kronos Solar, nor is it in any way affiliated with this matter, and as such should be dismissed from this action.

## III. JURISDICTION AND VENUE

8. Kronos admits that this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9. Kronos admits that this court has personal jurisdiction over this action.

10. Kronos admits that venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) but denies that the telemarketing at issue was illegal.

## IV FACTS

### A. The Enactment of the TCPA and its Regulations

11. The allegations in Paragraph 11 consist of legal conclusions to which no response is required. To the extent any response is required, Kronos admits that Congress enacted the TCPA in 1991.

12. The allegations in Paragraph 12 consist of legal conclusions to which no response is required. To the extent any response is required, Kronos admits that Section 227(c)(1) of the TCPA, in part, required the Federal Communications Commission (FCC) to initiate a rule making proceeding within 120 days of December 21, 1991, but denies that the entire spirit of that section is summarized by Plaintiff's allegations as expressed in this Paragraph 12 of Plaintiff's Complaint.

13. The allegations in Paragraph 13 consist of legal conclusions to which no response is required. To the extent any response is required, Kronos admits that 47 C.F.R. § 64.1200 (c)(2), states, in part, that consumers may register their telephone numbers on the Do Not Call List, but denies any violation thereof in accordance with the remaining sections of the regulation, to wit, 47 C.F.R. § 64.1200 (c)(2)(i)(A)-(E), which the Plaintiff failed to include.

14. The allegations in Paragraph 14 consist of legal conclusions to which no response is required. To the extent any response is required, Kronos admits that the listing on the Do Not Call Registry does not expire unless the consumer removes it, or it is removed from the database administrator.

15. The allegations in Paragraph 15 consist of legal conclusions to which no response is required. To the extent any response is required, Kronos admits that a consumer has a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made, but expressly denies that Kronos took such actions.

**B. Unsolicited Telemarketing to Plaintiff**

16. Kronos admits that Daniel Bird is an individual and is a "person" as defined by U.S.C. 153 (39), but expressly denies that Daniel Bird was solicited in violation of the TCPA.

17. Kronos denies that Daniel Bird's telephone number is non-commercial and solely used for residential purposes and demands strict proof thereof.

18. Kronos expressly denies that the Plaintiff uses this telephone number for strictly personal, residential and household needs and reasons and demands strict proof thereof.

19. Kronos expressly denies that the Plaintiff does not use this telephone number for business purposes and demands strict proof thereof.

20. Kronos expressly denies that the telephone number is not used for business purposes, regardless of how it was initially registered.

21. Kronos does not have enough information to admit or deny when the Plaintiff registered his number on the Do Not Call Registry and demands strict proof thereof.

22. Kronos admits that it sent out three (3) text messages to the Plaintiff but denies that it violated the TCPA in doing so.

23. Kronos admits that these are the three (3) text messages sent by an employee of Kronos.

24. Kronos denies that the Texas Secretary determines if an individual or entity must register as a Telephone Solicitor under the TCPA.

25. Kronos does not have the information necessary to admit or deny what actions were taken by the Plaintiff.

26. Kronos expressly denies that the text messages violated the TCPA and denies that the messages were telemarketing.

27. Kronos denies that the messages were "calls" for the purposes of the TCPA.

28. Kronos does not have enough information to admit or deny what the Plaintiff considers a "reasonable seller", nor does the Plaintiff have information as to what steps Kronos took to "investigate" or "scrub" the Plaintiff's telephone number against the Do Not Call Registry.  Kronos expressly denies that it violated the TCPA.

29. Kronos expressly denies that it violated the Plaintiff's privacy.

30. Kronos admits that the Plaintiff did not request the messages, but expressly denies that it violated the TCPA.

31. Kronos admits that it did not do any business with the Plaintiff, but expressly denies that it violated the TCPA.

32. Kronos does not have enough information to admit or deny what the Plaintiff "wanted", and expressly denies that it violated the TCPA.

33. Kronos denies that they were aware that the messages may have been "unwanted".

34. Kronos denies there is any potential class.  Kronos expressly any conduct that resulted in the invasion of privacy, harassment, aggravation, and disruption of the Plaintiff and any putative class members.  Kronos expressly denies that three text messages take up enough space on any mobile device to render it unusable for legitimate calls, as a text message is one of the most naturally compact types of data at about one byte required to store each letter. Kronos expressly denies that the Plaintiff was unable to perform critical household tasks due to three text messages.

**CLASS ACTION ALLEGATIONS**

35. Kronos admits that the Plaintiff purports to bring this action on behalf of a class that Plaintiff defines in Paragraph 35. Kronos specifically denies that this action can be maintained either individually or on behalf of any proposed class. Kronos expressly denies any and all remaining allegations in Paragraph 35.

36. Kronos admits that the Plaintiff has excluded Kronos employees, the assigned Judge, the assigned Judge's family, counsel, and any entities in which Kronos has a controlling interest.

37. Kronos denies all allegations in Paragraph 37.

38. Kronos denies that the putative class is properly defined, denies that this case is suitable for class treatment, and denies that the Plaintiff or the putative class members are entitled to any relief at all. Kronos denies all allegations in Paragraph 38.

39. Kronos denies all allegations in Paragraph 39.

40. Kronos denies all allegations in Paragraph 40.

41. Kronos denies all allegations in Paragraph 41.

42. Kronos denies that the Plaintiff or the putative class members have been harmed, or have experienced an invasion of privacy, annoyance, waste of time, or an intrusion on their telephone that occupied it from legitimate communications.

43. Kronos denies all allegations in Paragraph 43.

44. Kronos denies all allegations in Paragraph 44. Kronos denies that the Plaintiff and potential Class Members are entitled to treble damages.

    a.   Kronos denies the allegation in subparagraph (a).

    b.   Kronos denies the allegation in subparagraph (b).

    c.   Kronos denies the allegation in subparagraph (c).

45. Kronos denies all allegations in Paragraph 45.

46. Kronos is confused by Paragraph 46 as it refers to the Plaintiff as a "he" and a "she" and Kronos is unsure if this Paragraph was intended for this case; however, to the extent that it was a mere scrivener's' error, Kronos denies all allegations in Paragraph 46.  Kronos expressly denies that the Plaintiff's counsel is skilled and experienced in class actions, including TCPA class actions.

47. Kronos denies all allegations in Paragraph 47.

48. Kronos denies all allegations in Paragraph 48.

49. Kronos denies all allegations in Paragraph 49.

## V. FIRST CAUSE OF ACTION

### *Telephone Consumer Protection Act on behalf of the Plaintiff and the National Do Not Call Registry Class*

50. Kronos incorporates by reference its responses to the foregoing Paragraphs 1-49 in the Complaint as if fully set forth herein.

51. Kronos denies all allegations in Paragraph 51. By way of further answer, Kronos denies that it made or initiated violative messages to Plaintiffs' cellular telephone or otherwise violated the Telephone Consumer Protection Act ("TCPA").

52. Kronos denies all allegations in Paragraph 52, and Kronos denies acting in a manner that was negligent, willful, or knowing. By way of further answer, Kronos denies that it made or initiated violative messages to Plaintiffs' cellular telephone or otherwise violated the Telephone Consumer Protection Act ("TCPA").

53. Kronos denies all allegations in Paragraph 53. Kronos denies that the Plaintiff is entitled to any award of damages.  Kronos denies that any putative class member shall be entitled to any award of damages.  By way of further answer, By way of further answer, Kronos denies that it made or initiated violative messages to Plaintiffs' cellular telephone or otherwise violated the Telephone Consumer Protection Act ("TCPA").

54. Kronos denies all allegations in Paragraph 54 and denies that the Plaintiff is entitled to an award of injunctive relief.  By way of further answer, Kronos denies that it made or initiated violative messages to Plaintiffs' cellular telephone or otherwise violated the Telephone Consumer Protection Act ("TCPA").

## VI. PRAYER FOR RELIEF

KRONOS denies that the Plaintiff is entitled to receive any relief as set forth in his prayer for relief, including the subsections (A) through (F).

## JURY DEMAND

KRONOS consents to Trial by Jury.

## AFFIRMATIVE DEFENSES

**First Defense:** The Plaintiff fails to state a plausible claim upon which relief can be granted.

**Second Defense:**  As a result of his own act and omission, the Plaintiff is estopped from obtaining the relief sought in the Complaint.

**Third Defense:** As a result of his own act and omission, the Plaintiff is barred, in whole or in part, from obtaining the relief sought in the Complaint due to unclean hands.

**Fourth Defense:** As a result of their own act or omissions, Plaintiff and any member of the proposed class are barred because they are estopped, in whole or in part, from obtaining the relief sought in the Complaint.

**Fifth Defense:** Defendant acted in good faith and in a reasonable manner at all times relevant to the allegations in Plaintiff's Complaint.

**Sixth Defense:** The Plaintiff has not validly stated a class of litigants capable of certification for a class under the Federal Rules of Civil Procedure.

**Seventh Defense:** Plaintiff is not entitled to injunctive relief. Plaintiff has an adequate remedy at law and will not be harmed or prejudiced in the absence of an injunction. Plaintiff cannot show the likelihood that he will suffer any future injury from Kronos. Kronos has not violated his rights, and there is no likelihood that Kronos will violate his rights in the future.

**Eighth Defense:** The Complaint is barred, in whole or in part, on the grounds that the Plaintiff does not allege sufficient facts to support a class certification.

**Ninth Defense:** This action is not appropriate for class treatment because individual issues will predominate, and the claims of the Plaintiff and the members of the proposed class necessarily revolve around a myriad of factors, parties, and circumstances outside the control of Kronos, and which greatly vary.

**Tenth Defense:** The Claims alleged in the Complaint may not be properly certified or maintained as a class action because the Plaintiff has pleaded an overbroad and unascertainable class definition that includes individuals who provided prior express consent to receive calls and/or text messages from Kronos.

**Eleventh Defense:** To the extant there were any violations of the TCPA, Kronos did not engage in them knowingly or willfully.

**Twelfth Defense:** The Plaintiff is not entitled to statutory damages because Kronos did not engage in any conduct in violation of the TCPA.

**Thirteenth Defense:** The Plaintiff is not entitled to Attorney's fees or costs.

**Fourteenth Defense:** The TCPA, codified at 47 U.S.C. §  227, upon which the Plaintiff's claim relies, violates the First Amendment of the United States Constitution.

**Fifteenth Defense:** The Plaintiff does not have standing to represent the putative class members. The Plaintiff has the burden to prove standing.  (1) Plaintiff lacks standing where Plaintiff filed to establish (i) a concrete, distinct and palpable injury in fact, (ii) a causal connection between the alleged conduct and the injury, and (iii) a substantial likelihood that the relief requested will remedy the injury in fact.

**Sixteenth Defense:**  The Plaintiff has failed to sufficiently plead numerosity, commonality, typicality, and adequacy.

**Seventeenth Defense:** The Plaintiff does not have any actual injury or economic injury that is distinct, and palpable, not abstract or hypothetical.

**Eighteenth Defense:** The Plaintiff has misrepresented to this court that the telephone number that is the subject of this matter was solely used for residential purposes only when in fact, it is currently and actively used for commercial purposes and currently advertised in the public domain as a point of contact from the general public at large.

## RESERVATION OF RIGHT TO AMEND

Kronos reserves the right to assert additional defenses, counterclaims, crossclaims, or third-party claims as they become known throughout the course of this litigation and as they become available under the substantive laws of Texas or the United States.

Respectfully submitted and dated this 27th day of June 2024.

By: _____
Courtney Jared Bannan, Esquire
Appearing Pro Hac Vice for the Defendant
Licensed to Practice Law in Florida
Licensed to Practice Law in New York
Licensed to Practice Law in Texas
Licensed to Practice Law in Arizona as Certified House Counsel
Licensed to Practice Law as a Foreign Registered Solicitor in England and Wales
Licensed to Practice in the United States District Court for the Northern District of Florida
Licensed to Practice in the United States District Court for the Middle District of Florida
Licensed to Practice in the United States District Court for the Southern District of Florida
Licensed to Practice in the United States Court of Appeals for the 11th Judicial Circuit

Florida Mailing Address: 106 S. Federal HWY, Number 556, Fort Lauderdale, Florida 33301
Florida Telephone Number: 954-249-2230
Email for service and correspondence: cjb@courtneyjaredbannan.com

.